2/13/2025 3:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97361404
By: Joshua Hall
Filed: 2/13/2025 3:33 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JEREMY & JENISE RICE,** | § § § | IN THE JUDICIAL COURT OF |
| *PLAINTIFFS,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| **ASI LLOYDS,** | § § | |
| *DEFENDANT.* | § § § | ___th DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jeremy and Jenise Rice, ("Rices") or ("Plaintiffs"), and file **Plaintiffs' Original Petition,** complaining of ASI Lloyds, ("ASI Lloyds") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Jeremy and Jenise Rice, reside in Harris County, Texas.

3. Defendant, ASI Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon ASI Lloyds, through its registered agent for service listed with the Texas Department of Insurance: **1999 Bryan St. Suite 908 Dallas, TX 75201, or wherever they may be found**. Plaintiffs request service at this time.

### JURISDICTION

4. The Court has jurisdiction over ASI Lloyds because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of ASI Lloyds' business

EXHIBIT A

activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiffs assert Claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs owned an ASI Lloyds insurance policy, number TXL1021573 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 20719 Bradford Forest Dr, Cypress, TX 77433 ("the Property").

8. ASI Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs. ASI Lloyds represented to Plaintiffs that the Policy included windstorm coverage for damage to Plaintiffs' property. Coverage for all perils began December 9, 2022 and ended December 9, 2023 ("Policy Period"). ASI Lloyds has refused the full extent of that coverage currently owed to Plaintiffs.

9. The Property sustained extensive damage resulting from a "derecho" or windstorm moved into the Cypress area during the Policy Period, resulting in extensive wind damage across much of the Greater Houston area. Maximum wind gusts exceeded 100 mph, and the system produced two tornadoes along with widespread flash flooding. Power outages from the derecho lasted multiple days for hundreds of thousands of people. Both tornadoes

produced by this windstorm touched down in Cypress, less than one mile from the Rices' home.


*Aerial view of Plaintiffs' roof with wind damage along with several neighbors with similar damage.*

10. The Rices' roof sustained heavy damage in the form of missing, lifted, loose, or otherwise damaged shingles. Large sections of shingles were unsealed and blown upwards from the wind. Tarps were later installed on the roof covering areas where shingles have been blown off to prevent any further damage. The side of the home was also struck by flying debris, leaving a hole in the siding.

11. The Rices noticed that several other properties nearby in their neighborhood were damaged by the derecho, most of which immediately received coverage from their respective insurance carriers. It was upon this discovery that initiated the contact to ASI Lloyds.

12. In the aftermath of the storm, Plaintiffs submitted a Claim to ASI Lloyds against the Policy for damage to the Property. ASI Lloyds assigned Claim number 1351653-244402-013628 (the "Claim") to Plaintiffs' Claim based on the date they called in to establish the claim. The claim was assigned a date of loss of May 16, 2024.

13. Plaintiffs asked ASI Lloyds to cover the cost of damage to the Property pursuant to the Policy.

*View of Plaintiffs' backyard. The fence was completley ripped off.*

14. ASI Lloyds hired or assigned its agent Michael Anthony Huante, ("Huante"), to inspect and adjust the claim. Huante conducted an inspection on or about May 28, 2024, according to the information contained in his estimate. Huante's findings generated a report that alleged there were no findings of any wind damage.

15. ASI Lloyds, through its agent, Huante, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Because of the apparent severity of damage, Huante refused to get on Plaintiffs' roof due to the risk of injuring himself.

16. ASI Lloyds has ultimately refused full coverage which includes, but is not limited to, damage to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, siding and the entire fence line. Specifically, the third-party inspector hired to review the damage to the Property found significant damage that was completely absent from Huante's estimate.

17. The damage to Plaintiffs' Property is currently estimated at $285,258.18.

18. The disparity in the number of damaged items in his report compared to that of Huante's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of ASI Lloyds.

19. Furthermore, ASI Lloyds had advanced knowledge of the damages it needed to ignore in order to be able to deny the Claim.

20. ASI Lloyds misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. ASI Lloyds' agent, Huante, made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiffs' Policy, ASI Lloyds misrepresented that the damage was caused by non-covered perils. ASI Lloyds used its expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

22. As stated above, ASI Lloyds improperly and unreasonably adjusted Plaintiffs' Claim. Without limitation, ASI Lloyds misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

23. ASI Lloyds made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. ASI Lloyds made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Huante.

24. Plaintiffs relied on ASI Lloyds' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Huante, ASI Lloyds failed to assess the Claim thoroughly. Based upon ASI Lloyds' grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, ASI Lloyds failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26. Because ASI Lloyds failed to provide coverage for the Claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

27. Furthermore, ASI Lloyds failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, its agent, Huante performed an unreasonable and substandard inspection that allowed ASI Lloyds to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. ASI Lloyds' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant ASI Lloyds and Plaintiffs.

29. ASI Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Practices. TEX. INS. CODE §541.060(a)(1). ASI Lloyds has failed to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Specifically, ASI Lloyds has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30. ASI Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). ASI Lloyds failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

31. Additionally, after ASI Lloyds received statutory demand on or about December 10, 2024, ASI Lloyds has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

32. ASI Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). ASI Lloyds, through its agent Huante, performed a biased and intentionally substandard inspection designed to allow ASI Lloyds to refuse to provide full coverage to Plaintiffs under the Policy.

33. Specifically, ASI Lloyds performed an outcome-oriented investigation of Plaintiffs' Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

34. ASI Lloyds' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to its agent's subpar inspection, ASI Lloyds failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily

mandated time after receiving all necessary information.

35. ASI Lloyds' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to its agent's intentional denial of Plaintiffs' Claims, ASI Lloyds failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Huante's understatement of the damage to the Property caused ASI Lloyds to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

36. ASI Lloyds' wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ASI LLOYDS

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38. ASI Lloyds is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between ASI Lloyds and Plaintiffs.

39. ASI Lloyds' failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. All allegations above are incorporated herein.

41. ASI Lloyds' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42. ASI Lloyds' unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43. ASI Lloyds' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though ASI Lloyds' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44. ASI Lloyds' unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

45. ASI Lloyds' unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46. ASI Lloyds' unfair settlement practice of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. All allegations above are incorporated herein.

48. ASI Lloyds' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. ASI Lloyds' failure to notify Plaintiffs in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

50. ASI Lloyds' delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. All allegations above are incorporated herein.

52. ASI Lloyds' conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

53. ASI Lloyds' failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, although, at that time, ASI Lloyds knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

54. All allegations above are incorporated herein.

55. ASI Lloyds' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by ASI Lloyds pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against ASI Lloyds. Specifically, ASI Lloyds' violations of the DTPA include, without limitation, the following matters:

   A.  By its acts, omissions, failures, and conduct, ASI Lloyds has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. ASI Lloyds' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B.  ASI Lloyds represented to Plaintiffs that the Policy and ASI Lloyds' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C.  ASI Lloyds also represented to Plaintiffs that the Policy and ASI Lloyds' adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

> D. Furthermore, ASI Lloyds advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.
>
> E. ASI Lloyds breached an express warranty that the damages caused by wind would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.
>
> F. ASI Lloyds' actions are unconscionable in that ASI Lloyds took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. ASI Lloyds' unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and
>
> G. ASI Lloyds' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56. Each of the above-described acts, omissions, and failures of ASI Lloyds is a producing cause of Plaintiffs' damages. All the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

57. All allegations above are incorporated herein.

58. ASI Lloyds is liable to Plaintiffs for common-law fraud.

59. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and ASI Lloyds

knew its representations were false or made recklessly without any knowledge of its truth as a positive assertion.

60. ASI Lloyds made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

61. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

62. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

63. Since the Claim was made, ASI Lloyds has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' Claim in violation of the laws set forth above.

64. Plaintiffs currently estimate that actual damages to the Property under the Policy are $285,258.18.

65. Defendant made the above and other false representations to Plaintiffs, either knowingly

or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

66. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

67. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' Claim, consequential damages, together with attorney's fees.

68. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

69. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

70. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount ASI Lloyds owed, exemplary damages, and damages for emotional distress.

71. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

72. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73. For the prosecution and collection of the Claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000, including interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiffs elect to plead out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## REQUIRED DISCLOSURES

75. Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information or material described in Texas Rules of Civil Procedure 194.2(b).

## COMPEL MEDIATION

76. Pursuant to TEX. INS. CODE§ 541.161 and TEX. BUS. & COM. CODE§ 17.5051, Plaintiffs request that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## PRAYER

Plaintiffs pray that Defendant, ASI Lloyds, be cited and served to appear and that upon trial hereof, Plaintiffs, Jeremy and Jenise Rice, recover from Defendant, ASI Lloyds, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and

Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Jeremy and Jenise Rice, may show they are justly entitled.

Respectfully submitted,

/s/ Vickers L. "Tex" Cunningham Jr.
M. Ross Cunningham
Texas Bar No. 24007062
Vickers L. "Tex" Cunningham Jr.
Texas Bar No. 24123170
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
rcunningham@cunninghamswaim.com
texcunningham@cunnighamswaim.com

**ATTORNEYS FOR PLAINTIFFS**